UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2004 JUN 22  P 4: 34

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| TOWN OF CANTON, <br><br> Plaintiff, <br><br> v. <br><br> SELECT ENERGY, INC., <br><br> Defendant. | C.A. 04 11383 RGS |

### DEFENDANT'S ANSWER

Defendant Select Energy, Inc. ("Select") responds to the Complaint of the Town of Canton ("Town") as follows:

No response is required to the Town's first, unnumbered paragraph under the heading, Introduction, because it sets forth no factual averments. To the extent that the Town's first, unnumbered paragraph contains averments to which a responsive pleading is required, such averments are denied.

1.  Select denies the allegations set forth in Paragraph 1 of the Complaint except Select admits that it transacts business in the Commonwealth of Massachusetts and that it has had and continues to have contracts with certain municipal customers in Massachusetts.

2.  Select admits the allegations set forth in Paragraph 2 of the Complaint.

3.  Select denies the allegations set forth in Paragraph 3 of the Complaint except that Select admits that it has a principal place of business at 107 Selden Street, Berlin, Connecticut and that Select was doing business in the Commonwealth of Massachusetts in 1999 and thereafter.

- 2 -

4. Select denies the allegations set forth in Paragraph 4 of the Complaint except that Select admits that Select executed an electric supply contract with the Town in November 1998 and further admits that the term of the electric supply contract was five years.

5. Select denies the allegations set forth in Paragraph 5 of the Complaint.

6. Select denies the allegations set forth in Paragraph 6 of the Complaint.

7. Select denies the allegations set forth in Paragraph 7 of the Complaint.

8. Select is without sufficient knowledge or information to form a belief as to the truth of the Town's allegation in Paragraph 8 of the Complaint that separate billing was needed "because of the nature of municipal finance and the fiscal nature of each town department's financing and budget" and therefore, denies same. Select denies the remaining allegations set forth in Paragraph 8 of the Complaint.

9. Select denies the allegations set forth in Paragraph 9 of the Complaint.

10. Select denies the allegations set forth in Paragraph 10 of the Complaint.

11. Select denies the allegations set forth in Paragraph 11 of the Complaint and Select states further that the bills speak for themselves.

12. Select denies the allegations set forth in Paragraph 12 of the Complaint.

13. Select denies the allegations set forth in Paragraph 13 of the Complaint.

14. Select denies the allegations set forth in Paragraph 14 of the Complaint and Select states further that the bills speak for themselves.

15. Select denies the allegations set forth in Paragraph 15 of the Complaint and Select states that the August 31, 1999 bill speaks for itself.

16. Select denies the allegations set forth in Paragraph 16 of the Complaint.

17. Select denies the allegations set forth in Paragraph 17 of the Complaint.

18. Select denies the allegations set forth in Paragraph 18 of the Complaint.

19. Select denies the allegations set forth in Paragraph 19 of the Complaint except that Select admits that the Town was supplied electricity by the Local Distribution Company in 2000 and that the Town was to receive credits, under certain conditions, for the difference between the rate for electric service provided by the Local Distribution Company and Select's rate.

20. Select denies the allegations set forth in Paragraph 20 of the Complaint.

21. Select denies the allegations set forth in Paragraph 21 of the Complaint except that Select admits that the Town would receive credits, under certain conditions, on a semi-annual basis for the difference between the rate for electric service provided by the Local Distribution Company and Select's rate, and that the Town would receive interest on such credits.

22. Select denies the allegations set forth in Paragraph 22 of the Complaint except that Select admits that it issued advance credits to the Town in 2000 and that thereafter the Town received no other credits because the Town had failed to pay amounts due and owing on the energy supply contract.

23. Select denies the allegations set forth in Paragraph 23 of the Complaint except that Select admits that the energy supply contract permits Select to provide energy to the Town directly from the Local Utility's tariff and that the energy supply contract provides that the Town was to receive a credit, under certain conditions, for the difference between the rate for electric service provided by the Local Distribution Company and Select's rate.

24. Select denies the allegations set forth in Paragraph 24 of the Complaint except that Select admits that it did not forward payment differential reimbursement checks because the Town had failed to pay amounts outstanding on the energy supply contract.

25. Paragraph 25 of the Complaint does not contain averments to which a responsive pleading is required and therefore Select denies the allegations in Paragraph 25 of the Complaint. To the extent that Paragraph 25 of the Complaint contains averments to which a responsive pleading is required, Select denies the allegations set forth in Paragraph 25 of the Complaint except that Select admits that it issued credits to the Town in 2000.

26. Select is without sufficient knowledge or information to form a belief as to the truth of the Town's allegation in Paragraph 26 of the Complaint that "a thorough review of the town's Department of Public Works and Board of Selectmen files (to whom Select claims to have forwarded the suspect bills) indicates that neither of these departments has any record of having received these bills" and therefore Select denies same. Select denies the remaining allegations set forth in Paragraph 26 of the Complaint except that Select admits that it issued bills to the Town in June 2000, which bills speak for themselves.

27. Select denies the allegations set forth in Paragraph 27 of the Complaint and answering further Select states that there were communications between the Town and Select concerning bills.

28. Select denies the allegations set forth in Paragraph 28 of the Complaint except that Select admits that it issued a bill dated June 5, 2000 to the Town and that such bill speaks for itself.

29. Select denies the allegations set forth in Paragraph 29 of the Complaint.

30. Select denies the allegations set forth in Paragraph 30 of the Complaint.

31. Select denies the allegations set forth in Paragraph 31 of the Complaint.

32. Select denies the allegations set forth in Paragraph 32 of the Complaint except that Select admits that it sent a bill to the Town dated July 12, 2000 and states further that such bill speaks for itself.

33. Select is without sufficient knowledge or information to form a belief as to the truth of the Town's allegation in Paragraph 33 of the Complaint that "by that time all of the town department budgets had been exhausted and closed as a new fiscal year had already begun" and therefore Select denies same. Select denies the remaining allegations set forth in Paragraph 33 of the Complaint except that Select admits that a bill dated July 12, 2000 was sent to the Town and that such bill speaks for itself.

34. Select denies the allegations set forth in Paragraph 34 of the Complaint.

35. Select denies the allegations set forth in Paragraph 35 of the Complaint except that Select admits that a bill dated October 5, 2000 was sent to the Town and that such bill speaks for itself.

36. Select is without sufficient knowledge or information to form a belief as to the truth of the Town's allegation in Paragraph 36 of the Complaint that "A subsequent review of Select's files uncovered the fact that the schools actually owed Select $18,847.21" and therefore denies same. Select further denies the remaining allegations set forth in Paragraph 36 of the Complaint except that Select admits that the Town owed an outstanding balance in October 2000 for electricity supplied to the Town.

37. Select is without sufficient knowledge or information to form a belief as to the truth of the Town's allegations contained in Paragraph 37 of the Complaint and therefore Select denies same.

38. Select denies the allegations set forth in Paragraph 38 of the Complaint.

39. Select denies the allegations set forth in Paragraph 39 of the Complaint except that Select admits that bills were sent to the Town dated October 5, 2000 and October 12, 2000 respectively, and that such bills speak for themselves.

40. Select is without sufficient knowledge or information to form a belief as to the truth of the Town's allegations in Paragraph 40 of the Complaint that "no departmental budgets for 1999 were in existence as the fiscal year had already closed" and therefore denies same. Select denies the remaining allegations set forth in Paragraph 40 of the Complaint.

41. Select denies the allegations set forth in Paragraph 41 of the Complaint.

42. Select is without sufficient knowledge or information to form a belief as to the truth of the Town's allegations in Paragraph 42 of the Complaint concerning the reasons why certain information was sought. Select denies the remaining allegations set forth in Paragraph 42 of the Complaint except that Select admits that the Town contacted Select and sought information.

43. Select denies the allegations set forth in Paragraph 43 of the Complaint.

44. Select denies the allegations set forth in Paragraph 44 of the Complaint.

45. Select denies the allegations set forth in Paragraph 45 of the Complaint, except that Select admits that it provided information to the Town on or about November 6, 2000.

46. Select denies the allegations set forth in Paragraph 46 of the Complaint.

47. Select denies the allegations set forth in Paragraph 47 of the Complaint except that Select admits that Select sent a letter to the Town on or about November 6, 2000, and that such letter speaks for itself.

48.  Select denies the allegations set forth in Paragraph 48 of the Complaint except that Select admits it sent bills to the Town on or about October 5, 2000 and October 12, 2000 and that these bills speak for themselves.

49.  Select denies the allegations set forth in Paragraph 49 of the Complaint except that Select admits that it sent a termination notice to the Town which speaks for itself.

50.  Select denies the allegations set forth in Paragraph 50 of the Complaint except that Select admits that the Town contacted Select about its bills.

51.  Select is without sufficient knowledge or information to form a belief as to the truth of the Town's allegation in Paragraph 51 of the Complaint that "the town authorized a check to be paid to Select in the amount of $22,046.09 on December 28, 2000" and therefore denies same. Select denies the remaining allegations set forth in Paragraph 51 of the Complaint except that Select admits that the Town paid $22,046.09 of the outstanding balance owed by the Town for electricity supplied to the Town in January 2001.

52.  Select denies the allegations set forth in Paragraph 52 of the Complaint except that Select issued a statement in January 2001 and that such statement speaks for itself.

53.  Select denies the allegations set forth in Paragraph 53 of the Complaint except that Select issued a statement in January 2001 and that such statement speaks for itself.

54.  Select denies the allegations set forth in Paragraph 54 of the Complaint.

55.  Select denies the allegations set forth in Paragraph 55 of the Complaint except that Select admits that the Town was transitioned back to the Local Distribution Company for the Town's supply of electricity in 2000.

56.  Select denies the allegations set forth in Paragraph 56 of the Complaint.

57.  Select denies the allegations set forth in Paragraph 57 of the Complaint.

58. Select denies the allegations set forth in Paragraph 58 of the Complaint.

59. Select denies the allegations set forth in Paragraph 59 of the Complaint.

60. Select denies the allegations set forth in Paragraph 60 of the Complaint and states that the checks issued by the Town and the bills issued to the Town speak for themselves.

61. Select denies the allegations set forth in Paragraph 61 of the Complaint.

62. Select denies the allegations set forth in Paragraph 62 of the Complaint.

63. Select denies the allegations set forth in Paragraph 63 of the Complaint.

64. Select denies the allegations set forth in Paragraph 64 of the Complaint.

## COUNT I

65. Select repeats and incorporates by reference the responses set forth in Paragraphs 1 through 64 of this Answer.

66. Select denies the allegations set forth in Paragraph 63 of the Complaint.

WHEREFORE, Select requests that the Court dismiss the Complaint with prejudice and enter judgment against the Town and award Select its costs and attorneys' fees.

## COUNT II

67. Select repeats and incorporates by reference the responses set forth in Paragraphs 1 through 66 of this Answer.

68. Select denies the allegations set forth in Paragraph 68 of the Complaint.

69. Select denies the allegations set forth in Paragraph 69 of the Complaint.

70. Select denies the allegations set forth in Paragraph 70 of the Complaint.

71. Select denies the allegations set forth in Paragraph 71 of the Complaint.

72. Select denies the allegations set forth in Paragraph 72 of the Complaint.

73. Select denies the allegations set forth in Paragraph 73 of the Complaint.

WHEREFORE, Select requests that the Court dismiss the Complaint with prejudice and enter judgment against the Town and award Select its costs and attorneys' fees.

## COUNT III

74. Select repeats and incorporates by reference the responses set forth in Paragraphs 1 through 73 of this Answer.

75. Select denies the allegations set forth in Paragraph 75 of the Complaint.

76. Select denies the allegations set forth in Paragraph 76 of the Complaint.

WHEREFORE, Select requests that the Court dismiss the Complaint with prejudice and enter judgment against the Town and award Select its costs and attorneys' fees.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by estoppel.

### THIRD AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by laches.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by waiver.

### FIFTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the Town's breach of the implied covenant of good faith and fair dealing.

### SEVENTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, because the Town has suffered no damages or has failed to mitigate the damages, if any, it has suffered.

### EIGHTH AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part by the statute of limitations.

### NINTH AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part by the statue of frauds.

### TENTH AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part because the Town owes Select approximately $3500.00 in principal and interest under the energy supply contract.

### ELEVENTH AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part because the Town breached its energy supply contract with Select.

### TWELFTH AFFIRMATIVE DEFENSE

The defense of justification bars Plaintiff's Complaint.

### THIRTEENTH AFFIRMATIVE DEFENSE

The defense of novation bars Plaintiff's Complaint.

Select reserves the right to amend this Answer to assert additional affirmative defenses.

**WHEREFORE,** Select respectfully requests that this Court:

1. Enter judgment for Select on all counts of the Town's Complaint;

2. Award interest, costs, and attorneys' fees to Select; and

3. Grant such further relief as justice requires.

                    Respectfully submitted,

                    SELECT ENERGY, INC.

                    By its attorney,

                    _____
                    Timothy W. Mungovan, BBO No. 600702
                    Jennifer A. Champlin, BBO No. 654726
                    NIXON PEABODY LLP
                    100 Summer Street
                    Boston, MA 02110
                    Telephone: (617) 345-1000
                    Facsimile: (617) 345-1300

Dated: June 22, 2004

---

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail (by hand) on 6/22/04.

_____